## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| **ABIGAIL HANKS** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Serve:** | ) | |
| **Honorable Teresa A. Moore** | ) | |
| **United States Attorney** | ) | |
| **Western District of Missouri** | ) | |
| **400 East 9th St., Room 5510** | ) | |
| **Kansas City, MO 64106,** | ) | **Case No. 2:22-cv-04130** |
| | ) | |
| **Honorable Merrick B. Garland** | ) | |
| **United States Attorney General** | ) | |
| **U.S. Department of Justice** | ) | |
| **950 Pennsylvania Avenue, NW** | ) | |
| **Washington, D.C. 20530,** | ) | |
| | ) | |
| **Honorable Xavier Becerra** | ) | |
| **Secretary of the U.S. Department** | ) | |
| **of Health and Human Services** | ) | |
| **Hubert H. Humphrey Building** | ) | |
| **200 Independence Ave., S.W.** | ) | |
| **Washington, D.C. 20201,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Abigail Hanks, by counsel, and for her cause of action against

Defendant, alleges and states as follows:

## PLAINTIFF ABIGAIL HANKS

1.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Plaintiff Abigail Hanks has been a competent adult over eighteen years of age and a resident of Linn Creek, Camden County, Missouri.

**DEFENDANT UNITED STATES OF AMERICA**

2.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant United States of America (hereinafter "Defendant") provided federal funding to Richland Medical Center, Inc. d/b/a Central Ozarks Medical Center for public health services.

3.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Evan Reynolds, DDS was a Missouri licensed dentist in the practice of dentistry representing and holding himself out to the public, and in particular to Plaintiff, as such.

4.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Dr. Reynolds was acting within the course and scope of his duties as an employee of Richland Medical Center, Inc. d/b/a Central Ozarks Medical Center and Defendant.

5.     Pursuant to the Federally Funded Health Centers Assistance Act, 42 U.S.C. §§ 233(g)-(n), the Secretary of the United States Department of Health and Human Services may deem a public or non-profit private entity receiving federal funds to be an employee of the Public Health Service.

6.     42 U.S.C. §233(g)(1) confers on an entity deemed to be an employee of the Public Health Service, and on the employees of such entity, the protection accorded to Public Health Service employees by 42 U.S.C. § 233(a) with the exclusive remedy to be against the United States under the Federal Tort Claims Act (hereinafter "FTCA").

7.      Richland Medical Center, Inc. d/b/a Central Ozarks Medical Center and Dr. Reynolds have been deemed employees of the Public Health Service.

8.      Richland Medical Center, Inc. d/b/a Central Ozarks Medical Center and Dr. Reynolds have been eligible for FTCA coverage for medical malpractice since January 1, 2011 and their coverage has continued without interruption since that date.

9.      Pursuant to 28 U.S.C. §1346(b), 28 U.S.C. §2671-2680 and 42 U.S.C. § 233(a), this action against Defendant is Plaintiff's exclusive remedy for legal actions arising against Richland Medical Center, Inc. d/b/a Central Ozarks Medical Center and Dr. Reynolds for conduct in his course and scope of employment.

10.     Plaintiff is barred from bringing suit directly against Richland Medical Center, Inc. d/b/a Central Ozarks Medical Center and Dr. Reynolds.

11.     Service of Defendant was completed pursuant to F.R.C.P. 4(i) by delivering a copy of the Summons and Complaint to: 1) the Honorable Teresa A. Moore United States Attorney, Western District of Missouri, 400 East 9th St., Room 5510, Kansas City, MO 64106; 2) the Honorable Merrick B. Garland, United States Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, D.C. 20530; and 3) the Honorable Xavier Becerra, Secretary of the U.S. Department of Health and Human Services, Hubert H. Humphrey Building, 200 Independence Ave., S.W., Washington, D.C. 20201.

**AGENCY**

12.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant was acting by and through its actual, ostensible or apparent agents

and employees, including but not limited to Dr. Reynolds, in providing medical care and treatment to Plaintiff.

13.     At the time of the negligent acts complained of herein and at all times mentioned, Defendant's actual and apparent agents and employees, including but not limited to Dr. Reynolds, were acting within the course and scope of their employment in providing medical care to Plaintiff.

**VENUE AND JURISDICTION**

14.     Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1346(b) as the United States of America is a defendant in this civil action for money damages for injuries caused by the negligent acts of an employee of the United States government while acting within the scope of employment under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

15.     Venue in this Court is proper pursuant to 28 U.S.C. § 1402(b) because the Plaintiff resides in and the acts or omissions complained of occurred in the Western District of Missouri.

16.     Plaintiff satisfied the FTCA administrative requirements of 28 U.S.C. §2675 by first presenting her claims via Standard Form 95 on November 9, 2021 to the Department of Health and Human Services (hereinafter "HHS") within two years of the incident.

17.     On August 29, 2022, HHS denied Plaintiff's administrative claim for money damages in writing.

18.     As such, FTCA administrative remedies were exhausted before this matter was instituted against Defendant.

4

**FACTS OF THE OCCURRENCE**

19.     On March 3, 2021, Plaintiff was having dental work done at Central Ozarks Medical Center in Richland, Missouri.

20.     Dr. Reynolds was Plaintiff's dentist for that dental procedure.

21.     The particular dental procedure, placing a temporary bridge, required the use of a Dremel type tool.

22.     While attempting to place the temporary bridge in Plaintiff's mouth, Dr. Reynolds' hand slipped and the Dremel type tool scraped across Plaintiff's cheek causing a burn and gash from her mouth to her jaw line.

23.     Plaintiff's cheek was immediately red and bleeding after she was cut by the tool.

24.     Dr. Reynolds continued the procedure for approximately one hour after causing the injury to Plaintiff's face without notifying Plaintiff.

25.     After exiting the facility and arriving at her vehicle, Plaintiff noticed that she had a large red and painful mark on her cheek.

26.     The large red mark on Plaintiff's face continued to cause pain, scarring and embarrassment for several months.

27.     After the pain subsided, Plaintiff continued to have a scar on her face causing significant emotional distress and embarrassment.

28.     Plaintiff continues to have the large fishhook shaped scar on her face as a result of Dr. Reynolds cutting her face with the dental tool.

5

## COUNT I
## (Medical Negligence v. Defendant)

COMES NOW Plaintiff, by counsel, and for Count I against Defendant, states and alleges as follows:

29.     Plaintiff hereby incorporates paragraphs 1 through 28 above, as though fully set forth herein.

## DEFENDANT USA'S ACTS AND OCCURRENCES OF NEGLIGENCE

30.     At the time of the negligent acts and occurrences complained of herein and at all times mentioned, Defendant, by and through its actual, ostensible and apparent agents and employees, including but not limited to Dr. Reynolds, had a duty to possess and use that degree of skill and learning ordinarily used under the same or similar circumstances by members of his profession and specialty in the care and treatment of Plaintiff.

31.     Defendant breached its duty and is responsible for the following acts and occurrences of negligence and carelessness:

a.   In negligently and carelessly failing to properly handle the Dremel type tool while performing the dental procedure on Plaintiff on March 3, 2021;

b.   In negligently and carelessly failing to protect Plaintiff's face from injuries which could result from being hit with the dremel type tool;

c.   In negligently and carelessly failing to prevent the tool from hitting Plaintiff's face; and

e.   In negligently and carelessly failing to measure up the requisite standards of due care and skill required and observed by licensed dentists and in further particulars

6

presently unknown to Plaintiff but which are verily believed and alleged, will be disclosed upon proper discovery procedures during the course of this litigation.

## PLAINTIFF'S DAMAGES

32.     As a direct and proximate result of the carelessness and negligence of Defendant, as more fully set forth above, Plaintiff suffered injuries to her face.

33.     As a direct and proximate result of the carelessness and negligence of Defendant, as more fully set forth above, Plaintiff has been caused to experience physical pain, discomfort, inconvenience, and mental anguish and stress and she continues to suffer.

34.     As a direct and proximate result of the negligence and carelessness of Defendant, as set forth more fully above, Plaintiff has permanent scarring on her face.

35.     As a direct and proximate result of the negligence and carelessness of Defendant, as set forth more fully above, Plaintiff will incur future medical expenses.

WHEREFORE, Plaintiff seeks judgment against Defendant for such sums as are fair and reasonable, together with any and all costs herein incurred and expended, and for such other relief as the Court deems just and proper.

Respectfully submitted,

VOTAVA, NANTZ & JOHNSON, LLC

BY: */s/ Frederick Schleipman*
Frederick Schleipman          MO #71155
9237 Ward Parkway, Suite 100
Kansas City, MO 64114
(816) 895-8800
(816) 895-8801 (fax)
rschleipman@vnjlaw.com
ATTORNEY FOR PLAINTIFF

7